Chief Justice SUTTELL, along with Justice GOLDBERG,
dissenting.
As Americans, our most fundamental political right is the right to vote. “No right is more precious in a free country than that of having a voice in the election of those who make the laws under which, as good citizens, we must live. Other rights, even the most basic, are illusory if the right to vote is undermined.” Wesberry v. Sanders, 376 U.S. 1, 17, 84 S.Ct. 526, 11 L.Ed.2d 481 (1964); see also Parella v. Montalbano, 899 A.2d 1226, 1233-34 (R.I.2006) (App’x A). Our Rhode Island Constitution dictates that “[i]n all elections held by the people for state, city, town, ward or district officers, the person or candidate receiving the largest number of votes cast shall be declared elected.” R.I. Const., art. 4, sec. 2. The conduct and integrity of the election process is, therefore, of the utmost public importance.
The petitioner seeks an order from this Court requiring a manual recount of all precinct, mail, and provisional ballots cast in the Election. We would grant the request and order such a recount. To be sure, G.L.1956 § 17-19-37.1(1) provides for a recount only “by a manual re-feeding of the computer ballots cast * * * into the optical scan voting equipment.” The General Assembly, however, has defined a “Vote” as “any mark made with the appropriate marking device within the optech ballot voting area between the head and tail of the arrow on the computer ballot next to the party, candidate, write-in candidate or question, as is applicable, for whom the voter casts his or her ballot.” Section 17-19-1(7). Moreover, the statutory framework concerning the conduct of elections requires that “[a]s part of the voting process, there shall be created a physical ballot showing the votes cast by an individual voter which is capable of being hand counted so that electronic recorded device totals can be checked for accuracy.” Section 17-19-3(a)(4)(v). As to mail ballots, § 17-20-24 provides in relevant part that “[n]o defect in the marking of the appropriate space associated with casting a vote shall invalidate any ballot or a vote for any candidate, where the intention of the voter is clearly indicated.” (Emphasis added). These provisions anticipate that under certain circumstances, some of the ballots cast in a given election would be read manually, in order to determine the intention of the voter.
In the primary election at issue, the ballots have been counted on four occasions, each resulting in different totals. At the hearing before the Board, Robert Ra-poza, the director of elections at the Board, explained one possible reason for the discrepancy as follows: “These ballots have gone through the machine now numerous times, and there may have been a mark in the pathway that was not picked *908 up on the second reread but was picked up on the fourth reread or vice versa.” The pathway, as clarified by Mr. Rapoza, is the “the blank [area] between the head and the tail of the arrow.” Further, Mr. Rapo-za testified that “one of the provisional ballots could not be read by our reader because it was marked incorrectly by the voter and needed Board determination.”
This Court has, in the past, ordered the Board to depart from the literal requirements of § 17-19-37.1 by directing the Board on two occasions to “whenever possible, determine voter intent with respect to any and all ballots rejected by the machine.” Alves v. Rhode Island Board of Elections, No.2008-236-M.P. (R.I., filed Oct. 2, 2008) (mem.); Bennett v. Rhode Island Board of Elections, No.2008-0233 (R.I., filed Oct. 2, 2008) (mem.).
According to the papers filed in this case, the respondent Board has, in fact, conducted a manual recount of the votes that were rejected by the mechanized reader. According to the Board, the petitioner “has received a copy of every ballot (both precinct, mail and provisional) that was rejected by the OPTECH reader” and “[e]ach of these rejected ballots was reviewed by the Board Commissioners to determine the voter’s intent.” Thus, the Board has manually counted some, but not all of the ballots cast in this primary election and, as noted, fed the precinct ballots into the mechanized reader numerous times; the votes each time were different, resulting in a one-vote majority for Representative San Bento.
The majority is correct that our orders in Alves and in the case of Bennett v. Rhode Island Board of Elections, No 08-233 (R.I. Oct. 2, 2008), decided the same day, do not include an explicit direction to manually recount the ballots that were rejected by the mechanized reader and that the word “manual” is not contained in those orders; such a distinction, however, is irrelevant. In each case, this Court ordered, in no uncertain terms, that the Board-not a mechanized reader-“determine voter intent with respect to any and all ballots rejected by the machine.”[3] Furthermore, this Court directed, that “the parties shall be permitted to observe the process whereby the Board determines voter intent.” As noted, the real issue in this case is whether or not a manual recount should be ordered with respect to the ballots cast in the precincts.
In our judgment, the present circumstances, where there is but a one vote difference after four machine counts, each resulting in different totals, warrant a manual recount. We would, therefore, order the Board of Elections to hand count all the ballots. Such a recount, we believe, would be consistent with the constitutional requirement that the “candidate receiving the largest number of votes cast shall be declared elected.” R.I. Const., art. 4, sec. 2.

. To its credit the Board followed this mandate in the case before us.